## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KCK INVENTIONS, LLC and<br>KERI J. STORJOHANN<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SPIN SCREED, INC.<br><br>　　　　　　Defendant. | Civil Action No. 15-44<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, KCK Inventions, LLC and Keri J. Storjohann (hereinafter "Plaintiffs"), by and through its undersigned attorneys for its complaint against Spin Screed, Inc. (hereinafter "Spin Screed"), allege as follows:

### PARTIES

1.　　Plaintiff, KCK Inventions is an Iowa limited liability company with a principal place of business at 6150 Oakwood Hills Drive, Johnston, Iowa 50131.

2.　　Plaintiff, Keri J. Storjohann is an Iowa resident having an address at 6150 Oakwood Hills Drive, Johnston, Iowa 50131.

3.　　Upon information and belief, Defendant, Spin Screed, is an Illinois corporation, with a principal place of business located at 4932 Lake View Drive, Quincy, Illinois 62305.

### JURISDICTION AND VENUE

4.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this actin arises under the Patent Laws of the United States, 35 U.S.C. § 271.

5. Personal jurisdiction of the Defendant is proper in this Federal District pursuant to 28 U.S.C. § 1391(c) in that Defendant has conducted business, committed acts of infringement, and continues to commit acts of infringement in this District.

6. Venue is proper in this district based on 28 U.S.C. § 1391.

## BACKGROUND FACTS

7. On January 17, 2012, United States Patent No. 8,096,060 (the '060 patent) was duly and legally issued by the United States Patent and Trademark Office for an invention entitled Assembly for Leveling New Concrete and Sub-grade.  Keri J. Storjohann is the owner of the entire right, title, and interest in and to the '060 patent.  A true and correct copy of the '060 patent is attached as Exhibit 1.

8. On October 1, 2013, United States Patent No. 8,544,182 (the '182 patent) was duly and legally issued by the United States Patent and Trademark Office for an invention entitled Assembly for Leveling New Concrete and Sub-grade.  KCK Inventions is the owner of the entire right, title, and interest in and to the '182 patent.  A true and correct copy of the '182 patent is attached as Exhibit 2

9. In late 2014, Plaintiffs discovered that Spin Screed was making, using, selling, and offering to sell products that infringed the '060 patent, the '182 patent or both.

10. In December 2014 and January 2015, Plaintiffs, through their attorney, sent Spin Screed demands to cease and desist their continued infringement that went unanswered.

11. In February 2015, Plaintiffs found Spin Screed has continued their infringement of the '060 patent and the '182 patent.

**COUNT I:  FEDERAL PATENT INFRINGEMENT OF U.S. PATENT NO. 8,096,060**
**(35 U.S.C. § 271)**

12. Plaintiffs repeats, re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

13. Spin Screed has infringed, contributed to infringement, induced infringement, and continues to infringe the '060 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and offer for sale of the Spin Screed Con-chair and Screed Bar Support System. Spin Screed is liable for infringement of the '060 patent under the provisions of 35 U.S.C. § 271.

14. The acts of infringement by Spin Screed has caused financial injury to Plaintiffs and Plaintiffs are entitled to recover from Spin Screed damages sustained by Plaintiffs as a result of the wrongful acts of Spin Screed in an amount subject to proof at trial.

15. The infringement of the exclusive rights of Plaintiffs has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law, and unless enjoined by this Court, Spin Screed will continue to infringe the rights of Plaintiffs.

16. Spin Screed had knowledge of the charge of infringement of the '060 patent by Plaintiffs to Spin Screed, yet Spin Screed chose to continue to infringe the patents in blatant disregard of the patent rights of Plaintiffs. The infringement by Spin Screed of the '060 patent is willful and deliberate and entitles Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: FEDERAL PATENT INFRINGEMENT OF U.S. PATENT NO. 8,544,182**
**(35 U.S.C. § 271)**

17. Plaintiffs repeats, re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

18.     Spin Screed has infringed, contributed to infringement, induced infringement, and continues to infringe the '182 patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and offer for sale of the Spin Screed Con-chair and Screed Bar Support System. Spin Screed is liable for infringement of the '182 patent under the provisions of 35 U.S.C. § 271.

19.     The acts of infringement by Spin Screed has caused financial injury to Plaintiffs and Plaintiffs are entitled to recover from Spin Screed damages sustained by Plaintiffs as a result of the wrongful acts of Spin Screed in an amount subject to proof at trial.

20.     The infringement of the exclusive rights of Plaintiffs has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law, and unless enjoined by this Court, Spin Screed will continue to infringe the rights of Plaintiffs.

21.     Spin Screed had knowledge of the charge of infringement of the '182 patent by Plaintiffs to Spin Screed, yet Spin Screed chose to continue to infringe the patents in blatant disregard of the patent rights of Plaintiffs. The infringement by Spin Screed of the '182 patent is willful and deliberate and entitles Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues triable by a jury.

**WHEREFORE**, Plaintiffs KCK Inventions and Keri J. Storjohann requests entry of judgment in its favor against Spin Screed as follows:

1.     A declaration that Spin Screed has infringed the '060 and '182 patents.

2. A preliminary and permanent injunction enjoining Spin Screed and its officers, agents, employees, and those acting in privity with it, from further infringement, contributory infringement and /or inducing infringement of the '060 and '182 patents.

3. An award of damages arising out of the infringement of the '060 and '182 patents by Spin Screed including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest in an amount according to proof.

4. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

5. For such other costs and further relief as this Court may deem just and proper.

Dated: February 9, 2015.

By: /s/Timothy J. Zarley
Timothy J. Zarley
Iowa Bar No. 15785
ZARLEY LAW FIRM, P.L.C.
400 Locust Street
Capital Square, Suite 200
Des Moines, IA 50309-2350
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
E-mail address: tzarley@zarleylaw.com

**Attorney For Plaintiff KCK Inventions, LLC and Keri J. Storjohann**